

FILED
CLERK, U.S. DISTRICT COURT
03/16/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 153: Embezzlement Against a Bankruptcy Estate] |
| DOUGLAS J. CHRISMAS, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH THREE

[18 U.S.C. § 153]

A.  INTRODUCTORY ALLEGATIONS

1.  At times relevant to this Indictment:

a.  Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery ("Ace Gallery"), was a gallery that sold art in Los Angeles, California.  Defendant DOUGLAS J. CHRISMAS was the president and chief executive officer of Ace Gallery, and had control over Ace Gallery's operations, including its financial operations.

b.  On February 12, 2013, Ace Gallery filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Central District of California as case number 2:13-bk-14135-RK.

      c.    When Ace Gallery filed a voluntary petition for bankruptcy, a bankruptcy estate was created, and included all the property owned by Ace Gallery and its claims on or rights to other property, no matter where the property was or who possessed it when the bankruptcy case began.

      d.    After filing for bankruptcy, Ace Gallery continued to operate, as debtor-in-possession, with defendant CHRISMAS continuing as Ace Gallery's president, trustee, custodian, and overseer of Ace Gallery's operations.  As the debtor-in-possession's trustee and custodian, defendant CHRISMAS had access to property belonging to the bankruptcy estate because it was his responsibility to control of all property belonging to the bankruptcy estate. Defendant CHRISMAS remained in control over Ace Gallery until April 6, 2016, when an independent bankruptcy trustee was appointed over the bankruptcy estate and defendant CHRISMAS was removed from the trustee and custodian position.

      e.    Corporation 1 was an entity that defendant CHRISMAS owned and controlled, separate from the debtor-in-possession.

B.    THE EMBEZZLEMENT AGAINST THE ESTATE

    2.    On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISMAS, who was an agent of Ace Gallery and acting as trustee and custodian for the bankruptcy court, knowingly and fraudulently appropriated to his own use, embezzled, spent, and transferred the property described below belonging to the bankruptcy estate of Ace

Gallery, which property came into his charge and custody as agent of Ace Gallery and trustee and custodian for the bankruptcy court:

| COUNT | DATE | PROPERTY |
|---|---|---|
| ONE | 3/30/2016 | $50,000 via Check No. 3164, signed by defendant CHRISMAS, drawn against Ace Gallery's bankruptcy estate account, and paid to Corporation 1 |
| TWO | 3/30/2016 | $100,000 owed to Ace Gallery by a third party for the purchase of artwork, but paid to Corporation 1 at defendant CHRISMAS'S direction |
| THREE | 4/1/2016 | $114,595.32 owed to Ace Gallery by a third party for the purchase of artwork, but paid to Corporation 1's creditor at defendant CHRISMAS'S direction |

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section

3