TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756
     Facsimile: (213) 894-6265
     E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| DOUGLAS CHRISMAS, | **CURRENT TRIAL DATE:** 5/3/22 |
| Defendant. | **PROPOSED TRIAL DATE:** 9/27/22 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, and defendant Douglas Chrismas ("defendant"), both individually and by and through his counsel of record, Adam Braun, hereby stipulate as follows:

1. The Indictment in this case was made public on July 27, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 27,

2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 5, 2021.

2. On July 27, 2021, the Court set a trial date of September 21, 2021, and a status conference date of September 13, 2021.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

4. On August 30, 2021, the parties applied for, and were granted, the first continuance of the trial until May 3, 2022. CR 23.

5. Defendant again requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 153, embezzlement from a bankruptcy estate.

    b. Defendant Chrismas has been involved in a several years long bankruptcy proceeding with extensive written discovery and a number of depositions taken. To adequately prepare for trial in this case, Defense counsel represents that he will need time to familiarize himself with the record and issues in that lengthy bankruptcy case as well as the discovery turned over in this case. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare and be available to try this case on the current trial date given the volume of material in the bankruptcy and his significant case commitments in other cases, including for example representing parents of a deceased child in a wrongful death case with significant remaining percipient witness and expert depositions to be completed prior to the July 19, 2022

trial, and several large business litigation cases and arbitrations that are in active discovery (requiring a large number of depositions to be taken over the next several months even if those trials will not commence until late Fall).

      c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  6.   Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 3, 2022, to September 27, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161 because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and failure to grant the

continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

8.  The parties further stipulate that the status conference hearing, currently set for April 18, 2022, be continued to September 12, 2022 at 3:00 p.m.

IT IS SO STIPULATED.

Dated:   3/14/22                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Valerie Makarewicz*
_____
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 03/07/22

*/s/ Adam Braun*
_____
ADAM BRAUN
Attorney for Defendant Douglas Chrismas

4

DECLARATION OF ADAM BRAUN

I am Defendant's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 27, 2022 is an informed and voluntary one.

_____   03/07/22
ADAM BRAUN                   Date
Attorney for Defendant
Douglas Chrismas

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 27, 2022. I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 27, 2022 at 8:30 a.m.

_____   3/8/22
DOUGLAS CHRISMAS             Date
Defendant