E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/8485
    Facsimile: (213) 894-6265
    E-mail:    Valerie.Makarewicz@usdoj.gov
             David.Williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| DOUGLAS CHRISMAS, | **CURRENT TRIAL DATE:** 5/30/23 |
| Defendant. | **PROPOSED TRIAL DATE:** **10/24/23** |
| | PROPOSED PRETRIAL DATE: 10/2/23 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, and defendant Douglas Chrismas ("defendant"), both individually and by and through his counsel of record, Adam Braun, hereby stipulate as follows:

    1.   The Indictment in this case was made public on July 27, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 27,

2021.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 5, 2021.

  2. On July 27, 2021, the Court set a trial date of September 21, 2021, and a status conference date of September 13, 2021.

  3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

  4. The parties applied for, and were granted, the continuances of the trial. CR 23, 34, 36, 39, 41.

  5. Defendant again requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 153, embezzlement from a bankruptcy estate.

    b. On April 21, 2023, the government transmitted a request for legal assistance to the Central Authority of Switzerland pursuant to the 1973 United States-Switzerland Treaty on Mutual Assistance in Criminal Matters. The government requested assistance in securing the testimony of a resident and citizen of Switzerland, artist Sylvie Fleury, who gave a piece of her artwork to defendant to sell.  The government requested Fluery's testimony to establish that her piece was part of the bankruptcy estate when, on or about March 31, 2016, defendant sold Fleury's piece to a third party.  The government alleges that defendant directed the third party purchaser to send payment for Fleury's piece to a creditor outside the bankruptcy estate, rather than deposit the funds into the debtor's ( Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery) account, as alleged in Count Three of the pending indictment.

        c.    Further, defendant Chrismas intends to request from the government additional discovery which he believes is critical to his defense in this case. In light of the foregoing, counsel for defendant also represents that additional time is necessary to conduct and complete an independent investigation of the case including serve requests for discovery on the government, conduct and complete additional legal research including for potential pre-trial motions, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defendant believes that failure to grant the continuance will deny him adequate representation.

6.    Pursuant to 18 U.S.C. § 3161(h)(8), any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of Title 18, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

        a.    The government's request made on April 21, 2023 to Switzerland was an official request as defined in 18 U.S.C. 3292.

        b.    Witness Fleury is a resident and citizen of Switzerland.

7.    Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 30, 2023, to October 24, 2023, inclusive, should be excluded pursuant to 18

U.S.C. § 3161 because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

9.   The parties further stipulate that the status conference hearing, currently set for February 6, 2023 be continued to May 1, 2023 at 3:00 p.m.

IT IS SO STIPULATED.

4

| | | |
|---|---|---|
| Dated: 4/25/23 | | Respectfully submitted, |
| | | E. MARTIN ESTRADA<br>United States Attorney |
| | | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | | */s/* |
| | | VALERIE L. MAKAREWICZ<br>DAVID W. WILLIAMS<br>Assistant United States Attorneys |
| | | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| Dated: 04/25/23 | | */s/*<br>ADAM BRAUN<br>Attorney for Defendant Douglas Chrismas |

### DECLARATION OF ADAM BRAUN

I am Defendant's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 24, 2023 is an informed and voluntary one.

*/s/*                                        04/25/23
ADAM BRAUN                                   Date
Attorney for Defendant
Douglas Chrismas

5

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 24, 2023. I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on October 24, 2023 at 8:30 a.m.

_____    April 25/23
DOUGLAS CHRISMAS                   Date
Defendant