E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorneys
    Major Frauds/Appeals Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/8485
    Facsimile: (213) 894-6265
    Email:    Valerie.makarewicz@usdoj.gov
              david.williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: October 24, 2023 |
| | Trial Time: 8:30 a.m. |
| DOUGLAS CHRISMAS | Location: Courtroom of the Hon. Mark C. Scarsi |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz and David W. Williams, and defendant Douglas Chrismas, by and through his attorney of record, Adam Braun, hereby submit their joint proposed jury instructions.

Unless otherwise noted, the parties' joint proposed jury instructions use the most recent version (as of May 2023) of the Manual of Model Criminal Jury Instructions found on the Ninth

i

Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

The parties respectfully reserve the right to supplement these jury instructions as needed.

Dated: September 18, 2023          Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   MACK E. JENKINS
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                   /s/ Valerie L. Makarewicz
                                   VALERIE L. MAKAREWICZ
                                   DAVID W. WILLIAMS
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA


Dated: September 18, 2023          Respectfully submitted,

                                   /s/ Adam Braun (with permission)
                                   ADAM BRAUN
                                   Attorney for Defendant
                                   DOUGLAS CHRISMAS

**INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS**

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| **PRELIMINARY INSTRUCTIONS** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 3 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 4 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 5 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 6 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 7 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 9 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 12 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 13 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 14 |
| 12 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 15 |
| | | **INSTRUCTIONS DURING THE COURSE OF TRIAL** | | |
| 13 | | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 16 |
| 14 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 17 |
| 15 | | Judicial Notice | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2022 ed.) | 18 |
| | | **INSTRUCTIONS AT END OF THE TRIAL** | | |
| 16 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 19 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 17 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 20 |
| 18 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 21 |
| 19 | | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 22 |
| 20 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 23 |
| 21 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 24 |
| 22 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 25 |
| 23 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 26 |
| 24 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 28 |
| 25 | | Separate Consideration of Multiple Counts – Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 29 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 26 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 30 |
| 27 | | Charts and Summaries Not Admitted into Evidence [if applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 33 |
| 28 | | Charts and Summaries Admitted into Evidence [if applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 33 |
| 29 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 33 |
| 30 | | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instructions, No. 4.2 (2022 ed.) | 34 |
| 31 | | Embezzlement of a Bankruptcy Estate | Eleventh Circuit Model Criminal Jury Instructions, No. O4 (2020 ed.) | 35 |
| 32 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 37 |
| 33 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 39 |
| 34 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 41 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 35 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 42 |
| 36 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 43 |
| 37 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 44 |

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 1**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)

[Duty of Jury]

1

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 2**

This is a criminal case brought by the United States government.  The government charges the defendant with embezzlement of a bankruptcy estate.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge -- Presumption of Innocence]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.)
[What Is Evidence]

3

**COURT'S INSTRUCTION NO.**

**JOINT PROPOSED INSTRUCTION NO. 4**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.)
[What Is Not Evidence]

4

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

5

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 6**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is

important is how believable the witnesses are, and how much weight
you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)
[Credibility of Witnesses]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 8**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to

1    discuss the matter.  In addition, you must report the contact to the

2    court.

3        Because you will receive all the evidence and legal instruction

4    you properly may consider to return a verdict:  do not read, watch,

5    or listen to any news or media accounts or commentary about the case

6    or anything to do with it, although I have no information that there

7    will be news reports about this case; do not do any research, such

8    as consulting dictionaries, searching the Internet or using other

9    reference materials; and do not make any investigation or in any

10   other way try to learn about the case on your own.  Do not visit or

11   view any place discussed in this case, and do not use the Internet

12   or any other resource to search for or view any place discussed

13   during the trial.  Also, do not do any research about this case, the

14   law, or the people involved -- including the parties, the witnesses

15   or the lawyers -- until you have been excused as jurors.  If you

16   happen to read or hear anything touching on this case in the media,

17   turn away and report it to me as soon as possible.

18       These rules protect each party's right to have this case

19   decided only on evidence that has been presented here in court.

20   Witnesses here in court take an oath to tell the truth, and the

21   accuracy of their testimony is tested through the trial process.  If

22   you do any research or investigation outside the courtroom, or gain

23   any information through improper communications, then your verdict

24   may be influenced by inaccurate, incomplete or misleading

25   information that has not been tested by the trial process.  Each of

26   the parties is entitled to a fair trial by an impartial jury, and if

27   you decide the case based on information not presented in court, you

28   will have denied the parties a fair trial.  Remember, you have taken

1  an oath to follow the rules, and it is very important that you

2  follow these rules.

3      A juror who violates these restrictions jeopardizes the

4  fairness of these proceedings, and a mistrial could result that

5  would require the entire trial process to start over.  If any juror

6  is exposed to any outside information, please notify the court

7  immediately.

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)

28 [Conduct of the Jury]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 9**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 10**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 11**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant choose to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) [Outline of Trial]

14

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 12**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 13**

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instructions]

16

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 14**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.)

[Stipulations of Fact]

1

**COURT'S INSTRUCTION NO.** _____

2

**JOINT PROPOSED INSTRUCTION NO. 15**

3        I have decided to accept as proved the fact that [insert fact

4    noticed], even though no evidence was presented on this point [,]

5    [because this fact is of such common knowledge].  You may accept

6    this fact as true, but you are not required to do so.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2022 ed.)

28    [Judicial Notice]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 16**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)

[Duties of the Jury to Find Facts and Follow Law]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 17**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

20

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 18**

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

21

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 19**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

[Reasonable Doubt -- Defined]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 20**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)
[What Is Evidence]

23

1          **COURT'S INSTRUCTION NO. _____**

2          **JOINT PROPOSED INSTRUCTION NO. 21**

3        In reaching your verdict you may consider only the testimony

4    and exhibits received in evidence.  The following things are not

5    evidence, and you may not consider them in deciding what the facts

6    are:

7        1.  Questions, statements, objections, and arguments by the

8    lawyers are not evidence.  The lawyers are not witnesses.  Although

9    you must consider a lawyer's questions to understand the answers of

10   a witness, the lawyer's questions are not evidence.  Similarly, what

11   the lawyers have said in their opening statements, closing

12   arguments, and at other times is intended to help you interpret the

13   evidence, but it is not evidence.  If the facts as you remember them

14   differ from the way the lawyers state them, your memory of them

15   controls.

16       2.  Any testimony that I have excluded, stricken, or instructed

17   you to disregard is not evidence.

18       3.  Anything you may have seen or heard when the court was not

19   in session is not evidence.  You are to decide the case solely on

20   the evidence received at the trial.

27   Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.)

28   [What Is Not Evidence]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 22**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence] (modified to include example in comment)

1  **COURT'S INSTRUCTION NO.** _____

2  **JOINT PROPOSED INSTRUCTION NO. 23**

3  In deciding the facts in this case, you may have to decide

4  which testimony to believe and which testimony not to believe.  You

5  may believe everything a witness says, or part of it, or none of it.

6  In considering the testimony of any witness, you may take into

7  account:

8  First, the witness's opportunity and ability to see or hear or

9  know the things testified to;

10  Second, the witness's memory;

11  Third, the witness's manner while testifying;

12  Fourth, the witness's interest in the outcome of the case, if

13  any;

14  Fifth, the witness's bias or prejudice, if any;

15  Sixth, whether other evidence contradicted the witness's

16  testimony;

17  Seventh, the reasonableness of the witness's testimony in light

18  of all the evidence; and

19  Eighth, any other factors that bear on believability.

20

21  Sometimes a witness may say something that is not consistent

22  with something else he or she said.  Sometimes different witnesses

23  will give different versions of what happened.  People often forget

24  things or make mistakes in what they remember.  Also, two people may

25  see the same event but remember it differently.  You may consider

26  these differences, but do not decide that testimony is untrue just

27  because it differs from other testimony.

28  However, if you decide that a witness has deliberately

testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 24**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 25**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.)

[Separate Consideration of Multiple Counts - Single Defendant]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 25**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

30

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 267**

[if applicable]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.)

[Charts and Summaries Not Admitted into Evidence]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 28**

[if applicable]

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence]

32

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 29**

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About -- Defined]

<u>COURT'S INSTRUCTION NO.</u>

<u>JOINT PROPOSED INSTRUCTION NO. 27</u>

A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Ninth Circuit Model Jury Instructions, No. 4.2 (2022 ed.) [Aiding and Abetting]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 31**

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 28**

It's a Federal crime for the trustee or custodian of a bankruptcy estate to knowingly and fraudulently embezzle or appropriate any property belonging to the bankruptcy estate.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) On or about the date charged, a bankruptcy case docketed as In Re: Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery, Case Number 2:13-bk-14135-RK was pending in the United States Bankruptcy Court for Central District of California, and Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery was the Debtor;

(2) the property or interest described in the indictment was part of the bankruptcy estate of the Debtor;

(3) the defendant had access to the property as a trustee or custodian of the bankruptcy estate; and

(4) the defendant knowingly and fraudulently embezzled, spent, transferred, or appropriated to the Defendant's own use property belonging to the bankruptcy estate.

A "Debtor" is a person or corporation that's the subject of a Federal bankruptcy case.

When a debtor files a voluntary petition for bankruptcy, the bankruptcy estate is created. Among other things, it includes all the property owned by the Debtor and the Debtor's claims on or

1 rights to other property, no matter where the property is or who

2 possessed it when the bankruptcy case began.

3     The Bankruptcy Court for the Central District of California has

4 the authority and power to appoint a custodian or trustee to

5 administer the bankruptcy estate of a Debtor. The custodian or

6 trustee is responsible for the control of all the property belonging

7 to the bankruptcy estate.

8     The heart of the charge in the indictment is the knowing and

9 fraudulent embezzlement or appropriation of property belonging to

10 the Debtor's estate.

11     "Fraudulent" means to knowingly deceive or mislead someone,

12 usually for personal gain.

13     To "embezzle" or "appropriate" means to wrongfully take

14 someone's property and spend it, transfer it, convert it to personal

15 use, or convert it to someone else's use.

16

17

18

19

20

21

22

23

24

25

26

27 Eleventh Circuit Model Criminal Jury Instructions, No. O4 (2020 ed.)

28 [Embezzlement of a Bankruptcy Estate]

1          **COURT'S INSTRUCTION NO. _____**

2          **JOINT PROPOSED INSTRUCTION NO. 32**

3          When you begin your deliberations, elect one member of the jury

4  as your foreperson who will preside over the deliberations and speak

5  for you here in court.

6          You will then discuss the case with your fellow jurors to reach

7  agreement if you can do so.  Your verdict, whether guilty or not

8  guilty, must be unanimous.

9          Each of you must decide the case for yourself, but you should

10  do so only after you have considered all the evidence, discussed it

11  fully with the other jurors, and listened to the views of your

12  fellow jurors.

13          Do not be afraid to change your opinion if the discussion

14  persuades you that you should. But do not come to a decision simply

15  because other jurors think it is right.

16          It is important that you attempt to reach a unanimous verdict

17  but, of course, only if each of you can do so after having made your

18  own conscientious decision.  Do not change an honest belief about

19  the weight and effect of the evidence simply to reach a verdict.

20          Perform these duties fairly and impartially.  You should also

21  not be influenced by any person's race, color, religious beliefs,

22  national ancestry, sexual orientation, gender identity, gender, or

23  economic circumstances.  Also, do not allow yourself to be

24  influenced by personal likes or dislikes, sympathy, prejudice, fear,

25  public opinion, or biases, including unconscious biases.

26  Unconscious biases are stereotypes, attitudes, or preferences that

27  people may consciously reject but may be expressed without conscious

28  awareness, control, or intention.

37

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)
[Duty to Deliberate]

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 29**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could

39

result that would require the entire trial process to start over. If
any juror is exposed to any outside information, please notify the
court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)

[Consideration of Evidence -- Conduct of the Jury]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 30**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.)

[Use of Notes]

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 31**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)

[Jury Consideration of Punishment]

42

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 36**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) [Verdict Form]

43

1        **COURT'S INSTRUCTION NO. _____**

2        **JOINT PROPOSED INSTRUCTION NO. 37**

3        If it becomes necessary during your deliberations to

4   communicate with me, you may send a note through the clerk, signed

5   by any one or more of you.  No member of the jury should ever

6   attempt to communicate with me except by a signed writing, and I

7   will respond to the jury concerning the case only in writing or here

8   in open court.  If you send out a question, I will consult with the

9   lawyers before answering it, which may take some time.  You may

10  continue your deliberations while waiting for the answer to any

11  question.  Remember that you are not to tell anyone -- including me

12  -- how the jury stands, numerically or otherwise, on any question

13  submitted to you, including the question of the guilt of the

14  defendant, until after you have reached a unanimous verdict or have

15  been discharged.

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

28  [Communication with Court]