E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorneys
     Major Frauds/Appeals Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756/8485
     Facsimile: (213) 894-6265
     Email:    valerie.makarewicz@usdoj.gov
               david.williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | Trial Date: October 24, 2023 |
| DOUGLAS CHRISMAS, | Trial Time: 8:30 a.m. |
| Defendant. | Location: Courtroom of the Hon. Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Valerie L. Makarewicz and David W. Williams, respectfully request that the Court

//
//
//
//
//

ask prospective jurors the questions submitted herein in addition to the Court's regular voir dire questions.

Dated: September 18, 2023        Respectfully submitted,

                                        E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ David W. Williams*
VALERIE L. MAKAREWICZ
DAVID W. WILLIAMS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S PROPOSED VOIR DIRE**

**I.  The Case**

1. You have heard [a summary of/the indictment for] this case. Is there anything about the charges in this case that makes you unwilling or reluctant to serve as a juror?

**II. Experience with Bankruptcy Proceedings**

2. Have you, a family member, or a close friend ever <u>declared bankruptcy</u> or sought bankruptcy protection?  If so:
   a. Where did you/they file for bankruptcy protection?
   b. When did you/they file for bankruptcy protection?
   c. What kind of bankruptcy protection did you/they seek?  That is, did you/they file under Chapter 7 (liquidation of assets), Chapter 11 (business reorganization), Chapter 12 (for farmers/fishermen), or Chapter 13 (individual reorganization)?
   d. Were your/their debts discharged at the end of the bankruptcy proceedings?
   e. Were you satisfied with the overall bankruptcy process?

3. Have you, a family member, or a close friend ever <u>been a creditor</u> when someone else declared bankruptcy?  If so:
   a. Where did they file for bankruptcy protection?
   b. When did they file for bankruptcy protection?
   c. What kind of bankruptcy protection did they seek? That is, did they file under Chapter 7 (liquidation of assets), Chapter 11 (business reorganization), Chapter 12 (for farmers/fishermen), or Chapter 13 (individual reorganization)?

    *d.* Were you/your family member/your friend eventually paid what was owed?  Or did you/your family member/friend receive less than what was owed?

    *e.* Were you satisfied with the overall bankruptcy process?

  4. You may hear testimony from lawyers or creditors (i.e., debtholders) who were involved in a bankruptcy proceeding. Have you had any experiences with lawyers or creditors that would make it difficult for you to evaluate their testimony fairly and impartially?

  5. Do you have any other experiences with the bankruptcy process?  For instance, education or a work background that involves bankruptcy or debt collection?  If so, please describe it.

  6. Do you think you could be fair and impartial in weighing the evidence in a case in which the victim is a company or a creditor?

**III. Knowledge of Potential Witnesses**

  12. Do you know or are you familiar with any of the following individuals, who may be witnesses in this case?  [The government respectfully requests the Court read the government's and defendant's witness lists.]

**IV. Punishment and Sympathy**

  13. There are some people who, for moral, ethical, or religious reasons, believe that it is not proper or who would find it difficult to pass judgment on the conduct of others.  Do any of you hold such a belief, or might you be affected by such beliefs?

2

14. If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in this case and on the law as the Court instructs you on it, will you be able to follow that instruction?
15. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate with your fellow jurors, and return a fair and impartial verdict?

**V. Ability to Serve**

16. Do you have any difficulty understanding the English language or seeing or hearing things in the courtroom that could impair your ability to be a juror in this case?

**VI. Other Considerations/Evidentiary Questions**

17. Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence that is proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence can be the basis of a criminal conviction if the government meets its burden of proof. Will you be able to rely on circumstantial evidence and base your conviction upon it if the prosecution meets their burden of proof?
18. You may also use evidence, be it direct or circumstantial, to determine the intent of someone, including their knowledge of their conduct. Such evidence can include someone's words, act, or omissions, as well as the other evidence presented in the case. Is there anyone here who

|  |  |  |
|---|---|---|
| 1 |  | is uncomfortable determining whether someone knew of the |
| 2 |  | nature of their conduct?  Is there anyone here who would |
| 3 |  | not be able to use evidence, be it direct or |
| 4 |  | circumstantial, to determine whether someone knew of the |
| 5 |  | nature of their conduct? |
| 6 | 19. | The potential punishment for the offenses charged in the |
| 7 |  | indictment is a matter that should never be considered by |
| 8 |  | the jury in any way in arriving at a verdict as to the |
| 9 |  | guilt or innocence of the defendant.  Will you be able to |
| 10 |  | conduct your duties as jurors in this case without |
| 11 |  | speculating about or being influenced in any way by |
| 12 |  | whatever punishment may or may not be imposed in this case? |