Adam H. Braun, Esq. [CASBN 199544]
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777
Facsimile: (310) 507-0232
Email: adam@braunlaw.com

Attorneys for Defendant Douglas J. Chrismas

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS J. CHRISMAS,<br><br>Defendant. | Case No. 21-cr-00127-MCS<br><br>**DECLARATION OF ADAM BRAUN IN SUPPORT OF JOINT REQUEST FOR STATUS CONFERENCE [DOC. 64] AND DEFENDANT'S REQUEST FOR TRIAL CONTINUANCE** |

Defendant DOUGLAS J. CHRISMAS, by and through his counsel of record, Adam H. Braun, hereby files the Declaration of Adam Braun in support of the parties' Joint Request for a Status Conference [Doc. 64] and in support of a request for a continuance of the trial, which his counsel wishes to address with the Court at the requested status conference on October 16, 2023 at 3:00 p.m.

## DECLARATION OF ADAM BRAUN

I, Adam Braun, hereby declare under penalty of perjury the following:

1. I am an attorney licensed in the State of California and am counsel of record for Defendant Douglas J. Chrismas in this case.

2. My client and I have been busy preparing for trial by identifying the trial witnesses we may wish to call in his defense, the trial exhibits we might like to use, and assessing and preparing our responses to the various anticipated arguments, witnesses and exhibits that we expect the Government to offer at trial.

3. In addition, I have been working cooperatively and regularly participating in conference calls with Government counsel on the various pretrial filings required in this case as well as ironing out several rounds of stipulations regarding the authenticity and foundation for many of the government exhibits.

4. Over the past 3 weeks, the Government has made available approximately 3 to 4 substantial productions of documents in this case (putting aside some smaller productions), each ranging from a few hundred pages on the lower-end to one recent production last week of approximately 6,000 pages last week.

5. With respect to the more modestly-sized productions that were closer in scale to a few hundred pages each, including a recent production in the past few days of *Jencks* material of approximately 11 interviews of government witnesses, each of those productions on their own would not have necessitated a trial continuance on my part.

6. However, when reviewing last Sunday, October 8th, the indices for the government's recent productions which Government counsel agreed to provide me on Friday October 6th, I noticed on Sunday (Oct. 8th) that the Government's "Production 7" made available last week on Wednesday, October 4th via an online repository contained approximately *6,000 pages* of documents. The Bates range for that Production 7 is USAO_00020701 through USAO_00026549. It appears this production alone contains approximately 2,000 pages of correspondence by or relating to my client which obviously

2.

need to be reviewed closely, either because they might be incriminating or they could contain exculpatory material. From my review of the index for that very large Production 7, there also appears to be a large sum of documents such as invoices which presumably relate to financial or art work transactions engaged in by Defendant while Ace Gallery was in bankruptcy, financials and financial analysis related to the finances of Ace Gallery when it was in bankruptcy and under my client's control, investigative reports, bankruptcy court filings related to financial transactions by my client, and numerous other types of documents within that remaining 4,000 pages of Production 7. I intend to have a student who works for me once per week on Fridays begin tomorrow (Friday, October 13) downloading each of the large number of documents in Production 7 to my server to facilitate my review.

7. The Government has two attorneys and a paralegal staffed to this case, in addition to law enforcement investigators.

8. I am the only attorney who was hired to represent Defendant Chrismas or has worked on this case and more importantly, my firm does not currently employ any other attorney or paralegal. (My partner and father Harland is still recovering from a major series of illnesses suffered in March 2023 and is only working part-time, is not in a position to assist me in trying this case or with closely reviewing voluminous discovery, and has never represented Mr. Chrismas or worked on his case.)

9. Given the volume of documents produced last week alone (6,000 pages) along with the cumulative nature of the other productions over the past three weeks that were approximately a few hundred pages each (of correspondence related to Defendant and invoices and other records related to his financial management of Ace Gallery while in bankruptcy), I am not capable of reviewing all of that material by the current trial date of October 24th, let alone complete that review and adequately complete the other tasks required to provide Constitutionally-effective assistance of counsel, such as preparing witnesses examinations and cross-examinations, assembling trial exhibits, preparing my client to testify if he chooses to do so, and preparing an opening statement and closing

3.

DECLARATION OF ADAM BRAUN IN SUPPORT OF JOINT REQUEST FOR STATUS CONFERENCE [DOC. 64] AND DEF'S REQEUST FOR TRIAL CONTINUANCE

argument. I have no reason to doubt the Government's disclosures are well-intentioned, and my request is simply about my practical ability to review this volume of material.

10. In an effort to arrive at a practical solution that might obviate the need for me to review this voluminous discovery produced last week and therefore, the need for a continuance, I had a call with Government prosecutors on Tuesday, October 10 to inquire whether there was a way for them to structure their trial presentation in a manner that might relieve me of a Constitutional need to review the material recently turned over such as Production 7. They did not think that was possible as far as their trial presentation or that they would be comfortable making any representation that I did not need to review those materials to provide effective assistance of counsel. I understand their reluctance.

11. I do not think it is realistic for me to be able to closely review and analyze on my own more than approximately 800 pages per week, given my responsibilities in various cases and the reality that my time in any given day is split between multiple cases and clients (other than when engaged in trial and even then, nighttime and weekend triage is needed in my other cases). At that pace, my review of Production 7 alone would take approximately 6 to 8 weeks and possibly one more week for the other cumulative productions over the past two weeks, not even factoring in the Thanksgiving and Christmas/New Year's Holidays and my obligations to my own family during those periods.

12. I am scheduled to begin an approximately 3-week shareholder litigation trial in state court on November 27, 2023 with among other things experts in accounting practices, transfer pricing practices between corporate affiliates, and corporate valuation to be deposed on both sides in the month of November. Co-counsel in that case has asked that the trial start on January 8th which has yet to be decided but even so, to leave in place that all expert discovery would still be completed in November and all other November motions deadlines would remain in place.

13. I am scheduled to be out of town with my family from December 27, 2023 through January 2, 2024.

4.

DECLARATION OF ADAM BRAUN IN SUPPORT OF JOINT REQUEST FOR STATUS CONFERENCE
[DOC. 64] AND DEF'S REQEUST FOR TRIAL CONTINUANCE

14. Given the possibility that my shareholder litigation trial could spill over into the early and middle parts of January 2023, I think I could realistically try Mr. Chrismas' case during most weeks in both February and March 2023, or if the Court were not available in those months, during the month of April. In short, I have no trials currently scheduled in February, March or April, and only limited personal commitments for a few scattered days in February, other than being unavailable March 30th through April 8th for the religious holidays and family travel.

15  I have spoken with my client who believes I should receive adequate time to review the recently produced materials and that he does not want to go to trial if his attorney has not been able to review those materials. Mr. Chrismas will be in court to answer any questions that the Court might have, if the Court is available to meet with the parties at the requested status conference on October 16. 2023.

Respectfully submitted,

BRAUN & BRAUN, LLP

Dated: October 12, 2023       By: /s/ Adam H. Braun
                                  Adam H. Braun
                                  Attorneys for Defendant
                                  DOUGLAS J. CHRISMAS

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

5.

DECLARATION OF ADAM BRAUN IN SUPPORT OF JOINT REQUEST FOR STATUS CONFERENCE [DOC. 64] AND DEF'S REQEUST FOR TRIAL CONTINUANCE