E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorneys
Major Frauds/Criminal Appeals Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/8485
    Facsimile: (213) 894-6265
    E-mail:    Valerie.Makarewicz@usdoj.gov
               David.Williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>DOUGLAS CHRISMAS,<br><br>            Defendant. | No. 2:21-cr-00127-MCS<br><br>STIPULATION REGARDING REQUEST FOR<br>(1) CONTINUANCE OF TRIAL DATE AND<br>(2) FINDINGS OF EXCLUDABLE TIME<br>PURSUANT TO THE SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   10/24/23<br>**PROPOSED TRIAL DATE:**   **02/13/24**<br>PROPOSED PRETRIAL DATE: 02/05/24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Valerie L. Makarewicz and David W. Williams, and defendant Douglas Chrismas ("defendant"), both individually and by and through his counsel of record, Adam Braun, hereby stipulate as follows:

    1.    The Indictment in this case was made public on July 27, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 27,

2021.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 5, 2021.

2.   On July 27, 2021, the Court set a trial date of September 21, 2021, and a status conference date of September 13, 2021.

3.   Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately three days.

4.   The parties applied for, and were granted, the continuances of the trial. CR 23, 34, 36, 39, 41.

5.   The Court held a status conference in this matter on October 16, 2023.  At that conference, at the request of defendant, the Court continued the trial date from October 24, 2023, to February 13, 2024.

6.   Defendant requested the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with violations of 18 U.S.C. § 153, embezzlement from a bankruptcy estate.

b.   As described in the Declaration of Adam Braun filed on October 12, 2023 (see CR 65), incorporated here by reference, the government produced several thousand pages of discovery in the leadup to the parties' October 24 trial date.

c.   Additionally, defense counsel is scheduled to begin an approximately 3-week shareholder litigation trial in state court on November 27, 2023, with expert depositions on both sides scheduled in the month of November.

d.   In light of the foregoing, counsel for defendant represents that he needs additional time to review the

approximately 6,000 pages of discovery recently produced. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defendant believes that failure to grant the continuance will deny him adequate representation.

7. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 24, 2023, to February 13, 2024, inclusive, should be excluded pursuant to 18 U.S.C. § 3161 because the delay results from a continuance granted by the Court at defendant's request, on the basis of the Court's findings that: the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

9.   The parties further stipulate that a final pretrial conference be set on February 5, 2024, at 3:00 p.m.

IT IS SO STIPULATED.

Dated: Oct. 23, 2023                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        _____
                                        VALERIE L. MAKAREWICZ
                                        DAVID W. WILLIAMS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

Dated: October 20, 2023

                                        /S/ *Adam H. Braun*

                                        _____
                                        ADAM BRAUN
                                        Attorney for Defendant Douglas
                                        Chrismas

DECLARATION OF ADAM BRAUN

I am Defendant's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 13, 2024 is an informed and voluntary one.

*/s/ Adam H. Braun*                          October 20, 2023
_____    _____
ADAM BRAUN                           Date
Attorney for Defendant
Douglas Chrismas

1    I have read this stipulation and have carefully discussed it
2  with my attorney. I understand my Speedy Trial rights.  I
3  voluntarily agree to the continuance of the trial date, and give up
4  my right to be brought to trial earlier than February 13, 2024. I
5  understand that I will be ordered to appear in Courtroom 7C of the
6  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
7  February 5, 2024, at 3:00 p.m. for a final pretrial conference, and
8  on February 13, 2024 at 8:30 a.m. for trial.

10
11  _____          Oct 20th/23
    DOUGLAS CHRISMAS                     Date
12  Defendant

5