MEGAN A. MAITIA (Bar No. 285271)
megan@summaLLP.com
JENNIFER L. WILLIAMS (Bar No. 268782)
jenn@summaLLP.com)
SUMMA LLP
1010 Sycamore Avenue, Unit 117
South Pasadena, California 91030
Telephone:  (213) 260-9455/52/56
Facsimile:   (213) 835-0939

Attorneys for Defendant
DOUGLAS J. CHRISMAS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS J. CHRISMAS, <br><br> Defendant. | Case No. 2:21-CR-00127-MCS <br><br> **STATUS REPORT AND UNOPPOSED *EX PARTE* APPLICATION TO CONTINUE TRIAL** <br><br> *[Filed concurrently with proposed order]* <br><br> Current Trial Date:     February 13, 2024 <br><br> Proposed Trial Date:    May 7, 2024 |

Defendant Douglas J. Chrismas ("Mr. Chrismas"), by and through his counsel, Megan A. Maitia and Jennifer L. Williams, hereby submits this status report and unopposed *ex parte* application for an order continuing trial from February 13, 2024 to May 7, 2024 (or a date after that convenient for the Court).

***Background***.  This criminal case was brought in March 2021, with Mr. Chrismas first appearing on July 27, 2021, following his arrest on indictment and arraignment.  (Dkt. Nos. 7-15.)  Mr. Chrismas's present counsel, Adam Braun, substituted in on August 12,

1  2021 (Dkt. Nos. 19-21), and there have since been several orders continuing the trial date,

2  the most recent order continuing trial to February 13, 2024.  (Dkt. Nos. 69-70.)

3      ***Substitution of Counsel***.  In or around November 2023, Mr. Chrismas began seeking

4  new trial counsel and ultimately retained Summa LLP the week of December 18, 2023.

5  Counsel has concurrently filed a Form G-01, Request for Approval of Substitution or

6  Withdrawal of Counsel, and Proposed Order to substitute as counsel of record in place and

7  stead of Adam H. Braun.  (Maitia Decl. ¶ 3.[1])

8      ***Unopposed*** ex parte ***application to continue the trial date***.  Counsel is aware of the

9  February 13, 2024 trial date, as well as the previous continuances and the need for this case

10  to proceed promptly.  But a short continuance is warranted to allow Mr. Chrismas to be

11  represented at trial by his counsel of choice (Summa LLP) while also giving counsel time

12  to get up to speed and prepare for trial.  Mr. Chrismas is charged with violations of 18

13  U.S.C. § 153, embezzlement from a bankruptcy estate, with several thousand pages of

14  discovery and over 2700 docket entries spanning eleven years on the relevant bankruptcy

15  litigation (C.D. Cal. Case No. 2:13-bk-14135).  Mr. Braun **agrees** that the substitution and

16  short continuance is appropriate.  (*Id*. ¶ 3-4.)

17      Upon finalizing its engagement, Counsel contacted the Government prosecutors to

18  inform them of the substitution and request their position on this *ex parte* application,

19  including Mr. Chrismas's request for a short continuance of the trial date.  The Government

20  **does not oppose** Mr. Chrismas's request and proposed a new trial date of May 7, 2024, a

21  date all counsel is available to try this case.  (*Id*. ¶ 5, 7.)  Mr. Chrismas agrees with and

22  consents to this continuance request, and absent unforeseen circumstances, no more

23  continuances are anticipated.  (*Id*. ¶ 6.)

24      ***Excludable time under the Speedy Trial Act***.  Following Mr. Chrismas's initial July

25  27, 2021 appearance in this case, the Speedy Trial Act, 18 U.S.C. § 3161, required trial to

26

27

28  [1] The accompanying declarations of counsel are the subject of a separate *ex parte* request to file the declarations under seal and *in camera*.

STATUS REPORT AND EX PARTE APPLICATION FOR A TRIAL CONTINUANCE

1  commence on or before October 5, 2021.  The Court then granted continuances of the trial

2  up to February 13, 2024.  (Dkt. Nos. 23, 34, 36, 39, 41, 70.)

3       This unopposed *ex parte* application to continue trial once more from February 13 to

4  May 7, 2024 is based on the good cause set forth above and well as in the accompanying

5  counsel declarations (Maitia Decl. ¶ 8; Braun Decl. ¶ 3-9), which support appropriate

6  findings of excludable time under the Speedy Trial Act.  If the continuance is not granted,

7  defense counsel believes that Mr. Chrimsas will be deprived of adequate and effective

8  representation.  (Maitia Decl. ¶ 5.)

9       Based on these representations, for purposes of computing the date under the Speedy

10  Trial Act by which Mr. Chrismas's trial must commence, the period of February 13, 2024

11  to May 7, 2024, inclusive, should be excluded under 18 U.S.C. § 3161 because the delay

12  results from a continuance granted by the Court at Mr. Chrismas's request, on the basis of

13  the Court's findings that the ends of justice served by the continuance outweigh the best

14  interest of the public and defendant in a speedy trial; failure to grant the continuance would

15  be likely to make a continuation of the proceeding impossible, or result in a miscarriage of

16  justice; and failure to grant the continuance would unreasonably deny Mr. Chrismas

17  continuity of counsel and would deny defense counsel the reasonable time necessary for

18  effective preparation, taking into account the exercise of due diligence.  (Maitia Decl. ¶ 8.)

19       Counsel is available for a status conference, should the Court want one, at the

20  Court's convenience.

21  Dated: January 5, 2024          Respectfully submitted,

22                   Summa LLP

23

24                    */s/ Megan A. Maitia*

25                   Megan A. Maitia

26                   Jennifer L. Williams

27                   Attorneys for Defendant

28                   DOUGLAS J. CHRISMAS

STATUS REPORT AND EX PARTE APPLICATION FOR A TRIAL CONTINUANCE