E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorneys
    Major Frauds/Appeals Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/8485
    Facsimile: (213) 894-6265
    Email:    valerie.makarewicz@usdoj.gov
              david.williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO REVOKE BOND; DECLARATION |
| v. | |
| DOUGLAS J. CHRISMAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Valerie L. Makarewicz and David W. Williams, move to revoke the pretrial release and the bond of defendant, DOUGLAS J. CHRISMAS

///

///

///

This motion is based upon the attached memorandum of points and authorities and the Declaration of AUSA Valerie L. Makarewicz; the files and records in this case; and such further evidence and argument as the Court may permit.  The government asks that the Court set this matter for hearing at the earliest date available for the Court.

Dated: May 6, 2024                Respectfully submitted,

                                            E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ Valerie L. Makarewicz*
VALERIE L. MAKAREWICZ
DAVID W. WILLIAMS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Under 18 U.S.C. § 3148, the government moves the Court to revoke defendant Chrismas' pretrial release and bond on the following grounds:

- There is clear and convincing evidence that defendant has violated his conditions of release; and
- Based on the factors set forth in section 3142(g), defendant is unlikely to abide by any condition or combination of conditions of release.

### II.   STATEMENT OF FACTS

The Indictment in this case was made public on July 27, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 27, 2021.  On such date, defendant was released on an appearance bond with an affidavit of surety without justification, signed by Jonathan Freund. One of the conditions of defendant's bond was that he not "sell, transfer, or give away any asset valued at $50,000 or more without notifying and obtaining permission from the Court..." Dkt. 8, 16. Defendant's Pretrial Services Report notes that defendant purchased undeveloped land with the Accessors ID number of #4448007, parcel 061 in 1970.  See Declaration of AUSA Valerie L. Makarewicz ("Decl."), ¶ 5.

On December 11, 2023, defendant sold just over 4 acres of vacant land at 2825 Tuna Canyon Road in Topanga, California ("Tuna Canyon Property") for $500,000, that bears APN # 4448-007-061. Decl. ¶ 2. Neither the Court nor defendant's Pretrial Officer were apprised of

the sale of this property, nor did he apply to the Court for permission to do so.  Decl. ¶ 6.

On May 6, 2024, the government spoke with Lisa Saver, a real estate agent in Topanga, California. Decl., ¶ 3.  Saver represented the purchaser of the Tuna Canyon Property and confirmed that her clients purchased the property from "Douglas J. Chrismas" on or around December 11, 2023 for $500,000. Id., ¶ 2.  Saver also stated that the Tuna Canyon Property had been on the market for 151 days before the sale closed. Id.

The government spoke with Sabina Yi, a real estate agent who represented defendant in the sale, who confirmed the same information Saver told the government. Decl., ¶ 4. In addition, Yi stated that the net sale proceeds from the sale of the Tuna Canyon property was $352,247.15 to defendant. Id.

**III. ARGUMENT**

The Bail Reform Act of 1984 permits the pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the persons as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both.  18 U.S.C. §§ 3142(f)(1) and (2); United States v. Twine, 344 F.3d 987 (9th Cir. 2003).  Even when defendant has been released pretrial, the Court shall revoke the release if it finds:

> (A) Probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and

2

>...
>
>(A) Based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Here, there is clear and convincing evidence that defendant has violated the condition of his bond that he obtain Court approval of any sale or transfer of money over $50,000. Dkt. 8, 16. Defendant listed a property for at least 151 days, and then sold it for $500,000, and received over $350,000 in his pocket, all without informing his pretrial officer or seeking permission from the Court.

As the Court is aware, defendant has a history of disobeying orders of the Bankruptcy Court and selling/hiding assets from his creditors, confirmed as recently by defendant's counsel at the pretrial hearing on the government's MIL #5 on April 29, 2024. Dkt. 105. Here, defendant continues his pattern by disobeying this Court's order to not sell/transfer assets without Court permission.[1]

---

[1] Defendant has every reason to hide the sale of the property—not only would it be a violation of his bond—but on February 16, 2022, Hon. Robert Kwan, United States Bankruptcy Judge presiding over In re Art & Architecture Books of the 21st Century, Case No. 2:13-bk-14135-RK, found that defendant breached his fiduciary duty to the bankruptcy estate in the adversary proceeding Leslie v. Ace Gallery New York Corporation, et al. Case No. 2:15-ap-01679-RK. Judge Kwan determined he was unable to enter a final judgment on conversion and breach of fiduciary duty as these claims were noncore claims, and defendant had not consented to the jurisdiction of the bankruptcy court to enter a final judgment on these matters, therefore, the matter was referred to this Court in In re Art & Architecture Books of the 21st Century, Case No. 2:22-cv-012765-PA. On May 3, 2022, Hon. Percy Anderson adopted the report and recommendation of Judge Kwan, finding conversion and breach of fiduciary duty by defendant and thereafter, issued a final judgment in the total amount of $14,243,884 against defendant in Docket Nos. 7, 9.

Defendant violated a condition of his bond, without regard for the Court's order and dissipated assets belonging to him, all the while hiding the transaction from this Court, Pretrial Services, the government, and likely his creditors attempting to collect upon the judgement entered by this Court against him, posing an economic danger to this community.

**IV. CONCLUSION**

    For the foregoing reasons, the government respectfully requests that the Court revoke defendant's release and order defendant permanently detained pending trial.