MEGAN A. MAITIA (Bar No. 285271)
megan@summaLLP.com
JENNIFER L. WILLIAMS (Bar No. 268782)
jenn@summaLLP.com
SUMMA LLP
1010 Sycamore Avenue, Unit 117
South Pasadena, California 91030
Telephone:  (213) 260-9455/52/56
Facsimile:   (213) 835-0939

Attorneys for Defendant
DOUGLAS J. CHRISMAS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS J. CHRISMAS,<br><br>　　　　Defendant. | Case No. 2:21-CR-00127-MCS<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31; MEMORANDUM IN SUPPORT**<br><br>**Judge:**　　Hon. Mark C. Scarsi<br><br>**Hearing:**　None Set<br><br>**Trial**:　　May 28, 2024 |

### Defendant's Proposed Instruction No. 31[1]

It's a Federal crime for the trustee or custodian of a bankruptcy estate to knowingly and fraudulently embezzle or appropriate any property belonging to the bankruptcy estate.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) On or about the date charged, a bankruptcy case docketed as <u>In Re: Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery</u>, Case Number 2:13-bk-14135-RK was pending in the United States Bankruptcy Court for Central District of California, and Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery was the Debtor;

(2) the property or interest described in the indictment was part of the bankruptcy estate of the Debtor;

(3) the defendant had access to the property as a trustee or custodian of the bankruptcy estate; and

(4) the defendant knowingly and fraudulently embezzled, spent, transferred, or appropriated to the Defendant's own use property belonging to the bankruptcy estate.

A "Debtor" is a person or corporation that's the subject of a Federal bankruptcy case.

When a debtor files a voluntary petition for bankruptcy, the bankruptcy estate is created. Among other things, it includes all the property owned by the Debtor and the Debtor's claims on or rights to other property, no matter where the property is or who possessed it when the bankruptcy case began.

The Bankruptcy Court for the Central District of California has the authority and power to appoint a custodian or trustee to administer the bankruptcy estate of a Debtor. The custodian or trustee is responsible for the control of all the property belonging to the bankruptcy estate.

---

[1] Defendant's Proposed Instruction is the same as the Previous "Joint Proposed Instruction 31" at Dkt. 45 with redlines showing changes from the Government's new Proposed Jury Instruction No. 31 (filed at Dkt. 156).

The heart of the charge in the indictment is the knowing and fraudulent embezzlement or appropriation of property belonging to the Debtor's estate.

"Fraudulent" means to knowingly deceive or mislead someone, usually for personal gain.

To "embezzle" or "appropriate" means to wrongfully take someone's property and spend it, transfer it, convert it to personal use, or convert it to someone else's use.

Eleventh Circuit Model Criminal Jury Instructions, No. O4 (2020 ed.) [Embezzlement of a Bankruptcy Estate]; Embezzlement, Black's Law Dictionary 552 (6th ed. 1990) ("The fraudulent appropriation of property by one lawfully entrusted with its possession. To 'embezzle' means to willfully take, or convert to one's own use, another's money or property, of which the wrongdoer acquired possession lawfully, by reason of some office or employment or position of trust.")

**Defendant's Objection to Government's Proposed Instruction No. 31 and Argument in Support of Defendant's Proposed Instruction No. 31.**

In ruling on the Government's motion *in limine* No. 5, the Court ruled that 18 U.S.C. § 153 applies to a person who "(1) knowingly and fraudulently (2) appropriates to the person's own use, embezzles, spends, or transfers any property…belonging to the estate of a debtor," and that the qualifier "to the person's own use" applies to the appropriation verb only. (Dkt 153, p.14.)  The Court held that "if appropriation is the verb on which the Government intends to prove its case, then it must show that the funds at issue were appropriated to Defendant's own use." (*Id*. n.5.)  Otherwise, the Court held that "Defendant is precluded from arguing that he evades liability under the statute on the basis that he did not transfer, spend or embezzle the funds from the bankruptcy estate for, or to, his own use." (*Id*. p.15.)  The Court reserved the ability to modify its ruling.  (Id.)

The Government, thereafter, notified the defense that it "will not be proceeding on the theory that defendant appropriated for his own use funds of the bankruptcy estate" and therefore modified the previously agreed upon jury instruction to remove references to "appropriate" and "appropriate for one's own use." (Maitia Decl. ¶ 2; *see also* Dkt. 156.)  The defense agrees that the Government's proposed instruction reflects the Court's ruling on the Government's motion *in limine* No. 5. (Dkt. 153.)

To preserve the specific jury instruction issue, however, and for the reasons set forth in Mr. Chrismas's earlier brief on this issue (Dkt. 117), the defense submits that the Proposed Jury Instruction No. 31 ignores the commonsense interpretation of the charged statute (18 U.S.C. § 153) and the plain meaning of the charged crime ("Embezzlement Against Estate"). Black's Law Dictionary defines "embezzlement": "The fraudulent *appropriation* of property by one lawfully entrusted with its possession. To 'embezzle' means to willfully *take, or convert to one's own use, another's money or property*, of which the wrongdoer acquired possession lawfully, by reason of some office or

employment or position of trust."). Black's Law Dictionary 552 (6th ed. 1990)[2] (emphasis added); "Embezzle." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/embezzle. Accessed 26 May. 2024 ("to appropriate (something, such as property entrusted to one's care) fraudulently to one's own use").

In pursuing their new theory, the Government asks this Court to instruct the jury on the crime of "embezzlement" without considering the plain meaning of word "embezzlement." *United States v. Saini*, 23 F.4th 1155, 1161 (9th Cir. 2022) ("The plain meaning of the [statutory] text controls unless it is ambiguous or leads to an absurd result.") (relying on the dictionary definitions of "intent to defraud" where the term is not defined by the statute). Here, Mr. Chrismas's intended use of the transferred funds is hotly disputed, and omitting from the jury instructions the plain meaning of embezzlement would both violate the Rule of Lenity and may amount to reversible error. *Pulsifer v. United States*, 144 S. Ct. 718, 755–56 (2024) (GORSUCH, J., dissenting); *Saini*, 23 F.4th at 1164 (omission of an element of the offense is not harmless error where the element is contested, and the evidence does not allow the reviewing court to conclude beyond a reasonable doubt that the verdict would have been the same absent the error).

The defense asks the Court to reserve ruling on this jury instruction until, at minimum, the Government rests its case in chief.

---

[2] 18 U.S.C. § 153 was updated on October 11, 1996 as part of the Economic Espionage Act of 1996, Pub.L. 104-294, Title VI, § 601(a)(1), Oct. 11, 1996, 110 Stat. 3497. "To determine the plain meaning of a statute, [Courts] traditionally refer to dictionaries in use at the time of the statute's enactment." *Gollehon v. Mahoney*, 626 F.3d 1019, 1023 (9th Cir. 2010).

Dated: May 27, 2024

Respectfully submitted,
Summa LLP

 /s/ *Megan A. Maitia*
Megan A. Maitia
Jennifer L. Williams

Attorneys for Defendant
DOUGLAS J. CHRISMAS

5

**DECLARATION OF MEGAN A. MAITIA**

I, Megan A. Maitia, declare as follows:

1. I am an attorney at law licensed in the State of California and before the United States District Court for the Central District of California. I am counsel of record for Defendant Douglas Chrismas here. I have personal knowledge of the following facts and would testify under oath to the following:

2. On May 22, 2024, AUSA Valerie Makarewicz emailed me and Jennifer Williams a copy of the Government's revised Proposed Jury Instruction No. 31 (ultimately filed at Docket 156). Mr. Makarewicz stated in her email: "The government will not be proceeding on the theory that defendant appropriated for his own use funds of the bankruptcy estate, therefore, the instruction has been modified."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 27th day of May 2024 in Los Angeles, California.

_____
Megan A. Maitia