```
 1 │ E. MARTIN ESTRADA
   │ United States Attorney
 2 │ MACK E. JENKINS
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
 4 │ DAVID W. WILLIAMS (Cal. Bar No. 295204)
   │ Assistant United States Attorneys
 5 │      Major Frauds/Appeals Sections
   │      1100 United States Courthouse
 6 │      312 North Spring Street
   │      Los Angeles, California 90012
 7 │      Telephone: (213) 894-0756/8485
   │      Facsimile: (213) 894-6265
 8 │      Email:    Valerie.makarewicz@usdoj.gov
   │                david.williams3@usdoj.gov
 9 │
   │ Attorneys for Plaintiff
10 │ UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S PROPOSED JURY INSTRUCTION #31</u> |
| v. | Trial Date:  May 28, 2024 |
| DOUGLAS J. CHRISMAS | Trial Time:  8:30 a.m. |
| Defendant. | Location:    Courtroom of the Hon. Mark C. Scarsi |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

///

///

///

i

California and Assistant United States Attorney Valerie L. Makarewicz and David W. Williams, hereby submits its proposed jury instruction number 31.

Dated: May 31, 2024         Respectfully submitted,

                            E. MARTIN ESTRADA
                            United States Attorney

                            MACK E. JENKINS
                            Assistant United States Attorney
                            Chief, Criminal Division


                              /s/
                            ─────────────────────────────
                            VALERIE L. MAKAREWICZ
                            DAVID W. WILLIAMS
                            Assistant United States Attorneys

                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 31**

It's a Federal crime for the trustee or custodian of a bankruptcy estate to knowingly and fraudulently embezzle any property belonging to the bankruptcy estate.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) On or about the date charged, a bankruptcy case docketed as <u>In Re: Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery</u>, Case Number 2:13-bk-14135-RK was pending in the United States Bankruptcy Court for Central District of California, and Art and Architecture Books of the 21st Century, d.b.a. Ace Gallery was the Debtor;

(2) the property or interest described in the indictment was part of the bankruptcy estate of the Debtor;

(3) the defendant had access to the property as a trustee or custodian of the bankruptcy estate; and

(4) the defendant knowingly and fraudulently embezzled, spent, or transferred property belonging to the bankruptcy estate.

A "Debtor" is a person or corporation that's the subject of a Federal bankruptcy case.

When a debtor files a voluntary petition for bankruptcy, the bankruptcy estate is created. Among other things, it includes all the property owned by the Debtor and the Debtor's claims on or rights to other property, no matter where the property is or who possessed it when the bankruptcy case began.

The Bankruptcy Court for the Central District of California has the authority and power to appoint a custodian or trustee to

1

administer the bankruptcy estate of a Debtor. The custodian or trustee is responsible for the control of all the property belonging to the bankruptcy estate.

The heart of the charge in the indictment is the knowing and fraudulent embezzlement of property belonging to the Debtor's estate.

"Fraudulent" means to knowingly deceive or mislead someone, usually for personal gain.

To "embezzle" means to wrongfully take someone's property and spend it or transfer it.

<u>Intent to repay or return property is not a defense to embezzlement.  If someone embezzles, they are not excused just because they intended to replace the money.  They imposed a risk of loss, and deprived the estate of the right to make decisions about how its property is to be used, and that is harm enough to trigger criminal liability.</u>[1]

Eleventh Circuit Model Criminal Jury Instructions, No. O4 (2020 ed.) [Embezzlement of a Bankruptcy Estate] (modified).

---

[1] Underlined language has been added by the government since its last proposed Instruction 31 (see ECF 156), because defendant has now been permitted to argue that he sent or transferred the money to Ace Museum in an attempt to ensure a future repayment. (See ECF 165 at 5-6 (government's prior request to add the underlined language, with supporting authorities).)

Defense counsel have informed the government that they object to this proposed addition.

2