DECLARATION OF DAVID W. WILLIAMS

I, David W. Williams, declare as follows:

1. I am an Assistant United States Attorneys for the Central District of California and am assigned to the case of United States v. Douglas Chrismas, Case No. 2:21-CR-127-MCS (C.D. Cal.). I make this declaration in support of the Government's Opposition to Defendant's Motion to Dismiss For Misconduct.

2. Immediately after the pretrial conference in this case on April 29, 2024, counsel for the government met with defense counsel in person at the courthouse. We discussed potential trial witnesses and exhibits.

3. When the government indicated that it planned to call Jennifer Kellen, defense counsel responded that a marital or spousal privilege would apply. Government counsel then asked if there was a marriage certificate that it could see, but got no confirmation from defense counsel either way.

4. The government had previously attempted to verify whether or not defendant and Kellen were married, including by conducting public record searches in 2023, prior to the postponement of the October 2023 trial date.

5. However, in response to defense counsel's statements on April 29, 2024 -- and anticipating litigation on the issue -- the government ran one more public records search in an attempt to find some record confirming that defendant and Kellen were married.

6. That search was conducted the morning of May 6, 2024, and it turned up no record of a marriage. But it did reveal other recent public records pertaining to defendant, which (by virtue of when they

occurred) had necessarily been created since the last time we conducted a public records search, before October 2023.

7. Specifically, the May 6 search showed a property sale in December 2023: defendant had sold a piece of land in Tuna Canyon for $500,000.

8. After learning about the Tuna Canyon property sale, government counsel also learned that an IRS specialist located in Seattle had spoken to defendant and/or his personal assistant (D.K.) about the sale before it occurred. Prior to learning about the sale on May 6, government counsel was entirely unaware of that IRS specialist's potential knowledge of defendant; she had provided no information whatsoever related to either the Tuna Canyon sale or this criminal proceeding.

9. I have reviewed my offices internal discovery logs for this case, which show seven sets of productions between May 7 and the first day of trial. According to those logs, the first document produced during that timeframe (on May 9) was Bates No. USAO_0033887. The last was USAO_0038939 (on May 27). The logs indicate that they were comprised primarily of the escrow file for the Tuna Canyon sale (1,872 pages), a transcript of defendant's deposition and exhibits from a different matter (1,748 pages), and a variety of Jencks statements, emails, and reports created during trial preparation. The government did not introduce these documents at trial, but produced them as required by Brady, Jencks, and/or Rule 16.

///

///

///

1    10.   Attached to this declaration as **Exhibit 1** is a true and
2 correct copy of the rough transcript for the hearing in this case on
3 May 9, 2024.
4 I declare under penalty of perjury under the laws of the United
5 States of America that the foregoing is true and correct to the best
6 of my information, knowledge, and belief, and that this declaration
7 is executed at Los Angeles County, California, on September 12, 2024.

*David W. Williams*
DAVID W. WILLIAMS