JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY DOTSON GREER
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-0756
    Facsimile:   (213) 894-6265
    E-mail:     Valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00127-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER FOR BOND PENDING APPEAL |
| v. | |
| DOUGLAS J. CHRISMAS, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz hereby files its opposition to defendant's ex parte application for an order for bond pending appeal, (Dkt. 246).

    This Court's Standing Order sets forth the applicable standards and rules for <u>ex parte</u> applications. The first two sentences of the <u>ex parte</u> section provide that "<u>Ex Parte</u> applications are solely for extraordinary relief and are rarely granted. <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995).)"

The Mission Power Eng'g Co. decision cited in the Order further explains the appropriate circumstances for seeking ex parte relief. "Ex parte motions are rarely justified." Mission Power Engineering Co. v, 883 F. Supp. at 490. "[F]iling an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire." Id. at 492.

"[T]o justify ex parte relief . . . the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. Motions to change the hearing date for a motion "do[] not establish that plaintiff will be irreparably prejudiced." Id. at 493.

The Order also sets forth specific requirements under the Local Rules of the Court. "Ex parte applications that fail to conform to Local Rule 7-19...will not be considered, except on a specific showing of good cause." Relevant to defendant's ex parte application, Local Rule 7-19 requires an application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party. Local Rule 7-19.1 states, in part, "[I]t shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application..."

On January 21, 2025, defense counsel contacted the undersigned regarding defendant's plans to file a motion for bond pending appeal. Attached herein and marked Exhibit 1 is a copy of the email

2

communication that occurred between counsel on January 21, 2025. In this communication, counsel does not state the date they anticipated filing the ex parte application, nor the substance of the application. This is the first communication between the parties since defendant's sentencing on January 13, 2025.

On January 22, 2025, at 5:03 p.m. and after working hours, defendant filed his ex parte application for an order for bond pending appeal. (Dkt. 246.)  The ex parte application does not state the name, address, telephone number and email address of counsel for the opposing party. Id. In a single sentence, defendant argued that ex parte treatment was warranted "to allow enough time between the Court's ruling on this request (and any appeal to the Ninth Circuit appeal on the bond issue), and to ensure Mr. Chrismas is not irreparably harmed by having to surrender to custody while this bond issue is outstanding..." Id. at 2:9-12.

Defendant's application does not comply with the Order or this Court's local rules substantive or procedural requirements for ex parte relief.  Defendant has not established the existence of an emergency situation that would cause irreparable prejudice to his cause should his motion be heard on a regular schedule.

Defendant alleges that he would be irreparably harmed by having to report during his appeal. Detention is mandatory upon conviction and a sentence of imprisonment. 18 U.S.C. § 3143(b)(1). "Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970) (regarding model for 18 U.S.C. § 3143); see United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985)

(Congress enacted § 3143 "to reverse the presumption in favor of bail"); United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (adopting Miller's reasoning). It is not irreparable injury for a convicted felon to begin serving his sentence while waiting appeal of the underlying conviction.

To the extent that defendant felt constricted by the upcoming deadline to report to BOP custody, defendant had several instances to address this issue with the Court. Since being convicted in May, defendant had seven months to prepare his motion for bond pending appeal. At sentencing, defense counsel stated defendant was prepared to file an appeal, and when discussing defendant's report date, could have made a point to request the Court extend defendant's report date at that time. Then, defendant filed his ex parte application a week after his notice of appeal. Counsel's exercise of diligence to prepare the ex parte application no earlier than January 22, 2025 does not create an emergency situation that calls for ex parte relief, rather defendant's "emergency" is one of his own creation. Instead, defendant demanded to be first in line for a decision for bond pending appeal, adding to the Court's docket for his emergency when none is apparent. Because defendant deliberately misused the ex parte process and failed to show good cause to shorten the hearing time, his request should be denied.

Defendant's application should be heard on a normal motion schedule, which allows time for the government to thoroughly review, respond, and advise the Court appropriately. Defendant's substantial questions raised in the ex parte application are lengthy and substantive -- while somewhat familiar to the parties, defendant's substantial questions raised are not the same as defendant's previous

4

assertions regarding constructive amendment and expert witness notice. Defendant raises an issue regarding the Court's determination of loss at sentencing.  Requiring the government to respond within 24 hours is unfair and leads to rushed positions and advice to the Court, and thereafter, as defendant previewed, the Circuit Court, in a manner that is not as thorough as one under the normal motion filing deadlines. Being forced to respond within a 24-hour period is a significant disadvantage to the government. At no point in defense counsel's email informing the government of defendant counsel's intention to file an *ex parte* application did counsel state the substantial questions he intended to raise or even the date upon which the application would be filed.

    Nor did defendant comply with the Court's Order or the Local Rules requirements for *ex parte* applications. These substantive and procedural deficiencies warrant denial of defendant's request for *ex parte* treatment.

//
//
//

The government asks that the Court allow the government the opportunity to respond to defendant's application in the normal course because there is no reason to hear this request <u>ex parte</u>. Defendant's <u>ex parte</u> application should be denied with the Court allowing for defendant's application to be heard on a regular 28-day hearing schedule pursuant to Fed. R. Civ. P. 6 and 7 and Local Rule (Civil) 6, 7-9, and 7-10.

Dated: January 23, 2025         Respectfully submitted,

                                JOSEPH T. MCNALLY
                                Acting United States Attorney

                                LINDSEY GREER DOTSON
                                Assistant United States Attorney
                                Chief, Criminal Division

                                   /s/
                                _____
                                VALERIE L. MAKAREWICZ
                                Assistant United States Attorneys

                                Attorney for Plaintiff
                                UNITED STATES OF AMERICA