## Re: [EXTERNAL] Chrismas Restitution and Bond Pending Appeal

**From** Makarewicz, Valerie (USACAC) <VMakarewicz@usa.doj.gov>
**Date** Tue 1/21/2025 2:12 PM
**To** Jennifer Williams <jenn@summallp.com>
**Cc** Megan Maitia <megan@summallp.com>; Hayley Huntley <hayley@summallp.com>

Thanks for the clarification.  We oppose—he can go into custody on the scheduled date and if successful, get bonded out.  VLM

**From:** Jennifer Williams <jenn@summallp.com>
**Sent:** Tuesday, January 21, 2025 2:08 PM
**To:** Makarewicz, Valerie (USACAC) <VMakarewicz@usa.doj.gov>
**Cc:** Megan Maitia <megan@summallp.com>; Hayley Huntley <hayley@summallp.com>
**Subject:** Re: [EXTERNAL] Chrismas Restitution and Bond Pending Appeal

The grounds for the EPA is that there is not enough time for a noticed motion before he reports to custody, which is the whole basis for our bond pending appeal.  We are open to stipulating to a later surrender date if you'd prefer to have a regularly noticed motion schedule.  Please advise.


Jennifer L. Williams (she/her)
Summa LLP
1010 Sycamore Ave. Unit 117
South Pasadena, CA 91030
Office: (213) 260-9456

www.summaLLP.com


On Tue, Jan 21, 2025 at 2:01 PM Makarewicz, Valerie (USACAC) <Valerie.Makarewicz@usdoj.gov> wrote:
> Hello,
> Let me check with Appeals about the $1000 payment.
>
> We wont agree to any condition that permits Chrismas to be on bond pending his appeal, and we oppose the motion for bond pending appeal.  We also oppose the filing of your motion on an expedited basis via EPA (but I'm assuming that the grounds for the request for an expedited basis are those you've already stated in filings previously, but if they're different, please let me know.)
>
> Thanks--I'll reply to your first question as soon as I'm able, VLM

**From:** Jennifer Williams <jenn@summallp.com>
**Sent:** Tuesday, January 21, 2025 11:24 AM
**To:** Makarewicz, Valerie (USACAC) <VMakarewicz@usa.doj.gov>
**Cc:** Megan Maitia <megan@summallp.com>; Hayley Huntley <hayley@summallp.com>
**Subject:** [EXTERNAL] Chrismas Restitution and Bond Pending Appeal

Valerie - we have two questions moving forward.

First -- Mr. Christmas is prepared to make the "immediate" payment of $1,000 toward restitution, even though he intends to appeal the restitution order.  I'm writing to confirm that the government will not make an argument that such payment waives his ability to challenge the order on appeal.  (If the government believes such payment constitutes a waiver, we'll file a motion to stay the restitution order based on the government's position.)

Second -- As previewed, we are planning to file a motion for bond pending appeal.  The government mentioned that some of its concerns regarding flight would be ameliorated with increased supervision.  Is there a condition you'd propose such that, if it were imposed, the government would agree to bond pending appeal?  If not, we'll file our application asap.  It will likely need to be an EPA as I don't believe there is enough time for a regularly noticed motion.  Please let me know your position and if you have any other suggestions on how to proceed.

Jennifer


Jennifer L. Williams (she/her)
Summa LLP
1010 Sycamore Ave. Unit 117
South Pasadena, CA 91030
Office: (213) 260-9456

www.summaLLP.com