UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS J. CHRISMAS,<br><br>Defendant. | Case No. 2:21-cr-00127-MCS-1<br><br>**ORDER RE: EX PARTE APPLICATION FOR BOND PENDING APPEAL (ECF NO. 246)** |

Following a jury trial, Defendant Douglas J. Chrismas was found guilty of three counts of embezzlement of a bankruptcy estate in violation of 18 U.S.C. § 153. (Indictment, ECF No. 1; Redacted Jury Verdict, ECF No. 176.) The Court denied Defendant's post-trial motions and sentenced Defendant to 24 months in custody, followed by three years of supervised release. (J. and Commitment, ECF No. 242.) Defendant was ordered to surrender himself to begin his custodial sentence on February 17, 2025. (*Id.*) Defendant filed an ex parte application for bond pending appeal, (EPA, ECF No. 246), which the Government opposed, (Opp'n, ECF No. 247).

The Court agrees with the Government that Defendant's application raises substantive questions which would be more appropriately addressed through full briefing. The Court also has concerns about Defendant's flight risk and would like to

consider the Government's position alongside Defendant's.

The Court considers Defendant's ex parte application as a motion for bond pending appeal and orders the Government to file an opposition to Defendant's motion for a bond pending appeal by February 10, 2025. Defendant may file a reply by February 24, 2025. The Court sets a hearing on this motion for March 3, 2025, at 9:00 a.m., and continues Defendant's self-surrender date to March 3, 2025, at 12:00 noon.[1]

**IT IS SO ORDERED.**

Dated: February 3, 2025

*[signature: Mark C. Scarsi]*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: USMO, BOP, PSA, USPO, Fiscal

---

[1] The Court assumes that Defendant will self-surrender at the office of the United States Marshal at the First Street Courthouse if the motion is denied. Should the Bureau of Prisons designate an institution for Defendant before the hearing on the motion, the Court will issue an appropriate order resetting the self-surrender obligation at or before the hearing.

2