JENNIFER L. WILLIAMS (Bar No. 268782)
jenn@summaLLP.com
MEGAN A. MAITIA (Bar No. 285271)
megan@summallp.com
SUMMA LLP
1010 Sycamore Avenue, Unit 117
South Pasadena, California 91030
Telephone: (213) 260-9456
Facsimile: (213) 835-0939

Attorney for Defendant
DOUGLAS J. CHRISMAS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. DOUGLAS J. CHRISMAS, Defendant. | Case No. 2:21-CR-00127-MCS<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE SELF-SURRENDER DATE**<br><br>**[PROPOSED] ORDER** |
|---|---|

Defendant Douglas J. Chrismas applies *ex parte* for an order to continue his self-surrender date from March 3, 2025 to March 17, 2025, for the reasons set forth in the attached declaration. Defense counsel has conferred with the Government, which opposes.

Dated: February 25, 2025

Respectfully submitted,

*/s/ Jennifer L. Williams*
Jennifer L. Williams
Megan A. Maitia
Attorneys for Douglas J. Chrismas

## DECLARATION OF JENNIFER L. WILLIAMS

I, Jennifer L. Williams, declare as follows:

1. I am an attorney at law licensed in the State of California and before the United States District Court for the Central District of California. Along with my partner Megan A. Maitia, my firm represents Douglas Chrismas in the above-captioned case.

2. The Court originally scheduled Mr. Chrismas's self-surrender date for February 17, 2025. (Dkt. 242.) The Court then continued the self-surrender date to March 3, 2025 (Dkt. 250) to accommodate the pending motion for bond pending appeal. The hearing for the motion for bond pending appeal is currently scheduled for the same day, March 3, 2025 at 12:00 p.m., just three hours after the scheduled hearing.

3. Having the bond pending appeal hearing and self-surrender scheduled for the same date – and just hours apart – may require Mr. Chrismas to take drastic action to prepare to his surrender before the bond pending appeal issue is resolved. Such drastic action may include moving his belongings out of his long-time apartment and giving up his apartment lease. Should this Court grant Mr. Chrismas' motion for bond pending appeal, Mr. Chrismas will avoid this irreparable action and will have continuity in his living arrangements.

4. Should this Court deny Mr. Chrismas' motion for bond pending appeal, Mr. Chrismas would have the right to file an affirmative motion to for bond pending appeal and a motion to stay the surrender date with the Ninth Circuit Court of Appeals. *See* Federal Rule of Appellate Procedure 9-1.2 and Circuit Advisory Committee Note. In my experience, the Ninth Circuit usually decides bond and self-surrender appeals and motions relatively quickly, in a matter of days and weeks. A short continuance of Mr. Chrismas' self-surrender date to March 17 – two weeks after the hearing – will allow Mr. Chrismas a reasonable period to raise any bond issues with the Ninth Circuit and make any necessary arrangements (without the risk of irreparable harm) should he need to surrender.

5. I met and conferred with the government on this *ex parte* in an email dated February 12, 2025 to AUSA Valerie Makarewicz. Ms. Makarewicz responded that the "government opposes."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 25th day of February 2025 in Los Angeles, California.

Dated: February 25, 2025

Respectfully submitted,
Summa LLP

 /s/ Jennifer L. Williams
Jennifer L. Williams
Megan A. Maitia

Attorneys for Defendant
DOUGLAS J. CHRISMAS