JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
     Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756
     Facsimile: (213) 894-6265
     Email:    valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>DOUGLAS J. CHRISMAS<br><br>            Defendant. | No. 2:21-cr-00127-MCS<br><br>GOVERNMENT'S OPPOSITION TO EX PARTE APPLICATION TO CONTINUE SURRENDER DATE |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, hereby objects to defendant's ex parte application to continue defendant's self-surrender date.

    When the Court set a hearing for defendant's ex parte application for bond pending appeal for March 3, 2025 and simultaneously continued defendant's surrender date from February 17, 2025 to March 3, 2025, the court was cognizant of the calendaring of both events to occur on the same date.

     The Court assumes that Defendant will self-surrender at the office of the United States Marshal at the First Street Courthouse if the motion is denied. Should the Bureau of Prisons designate an institution for Defendant before the hearing on the motion, the Court will issue an appropriate order resetting the self-surrender obligation at or before the hearing.

ECF 250 at fn. 1.

     If defendant's <u>ex parte</u> application for bond pending appeal is unsuccessful, defendant's appeal of such denial does not automatically stay the court's order for defendant to surrender. Federal Rule of Appellate Procedure 9(a)(3) states: "The court of appeals or one of its judges <u>may</u> order the defendant's release pending the disposition of the appeal." <u>Id.</u> (emphasis added). As it stands, even if defendant filed a notice of appeal of the denial of his bond pending appeal application, defendant would still need to report to BOP custody at noon on March 3, 2025, unless this Court ordered otherwise.

     As argued at defendant's sentencing hearing as well as the government's opposition to defendant's bond pending appeal application (ECF 254, incorporated herein), defendant is a flight risk. Defendant's ability to appeal both his conviction and sentence, and if necessary, the denial of his bond pending appeal application, can all be preserved and undertaken when defendant is in custody serving the sentence the Court has imposed.

//
//
//

2

The government respectfully requests the Court deny defendant's application to extend his self-surrender date.

Dated: February 26, 2025      Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Valerie L. Makarewicz*
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA