UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS J. CHRISMAS,<br><br>　　　　　Defendant. | Case No. 2:21-cr-00127-MCS<br><br>**ORDER RE: EX PARTE APPLICATION FOR BOND PENDING APPEAL (ECF No. 246)** |

Defendant Douglas J. Chrismas submitted an ex parte application to remain out of custody on bond pending his appeal of the judgment to the Ninth Circuit. (EPA, ECF No. 246; *see* Not. of Appeal, ECF No. 244.) The Government opposed the ex parte application. (EPA Opp'n, ECF No. 247.) The Court considered the ex parte application as a motion for bond pending appeal and set a briefing schedule. (Order Re: Briefing, ECF No. 250.) The Government submitted an opposition, (Opp'n, ECF No. 254), and Defendant replied, (Reply, ECF No. 255). The Court heard argument on March 2, 2025 and denied Defendant's ex parte application for bond pending appeal and denied his oral motion to stay his self-surrender date. (Mins., ECF No. 265.) Since then, the Ninth Circuit issued a ruling denying Defendant's application to that court for bond pending appeal. (9th Cir. Order, ECF No. 273.) This order memorializes the oral ruling made by the Court to deny Defendant's motion for bond pending appeal and to consider Defendant's oral motion for a recommendation that the Bureau of Prisons remand Defendant to a facility within 500 miles from his home in Southern California, preferably FCI Terminal Island.

## I.   BACKGROUND

The Government indicted Defendant on three counts of embezzlement of a bankruptcy estate in violation of 18 U.S.C. § 153 for three transactions, two on March 30, 2016, and one on April 1, 2016. (Indictment, ECF No. 1.)

Defendant was an officer of a company called Art and Architecture Books of the 21st Century, doing business as Ace Gallery. (Jt. Stmt. 3, ECF No. 51.) After Ace Gallery filed for bankruptcy protection in February 2013, Defendant became the trustee of the bankruptcy estate. (*Id.*) The Government accused Defendant of transferring $264,595 from the bankruptcy estate's accounts to benefit a nonprofit corporation, Ace Museum, which Defendant owned. (Indictment 2–3; Jt. Stmt. 3.)

The Court held a four-day jury trial starting on May 28, 2024. (*See* Trial Mins., ECF Nos. 163, 167, 170–171.) The jury returned a verdict of guilty on all counts on

May 31, 2024. (*See* Redacted Jury Verdict, ECF No. 178.) On February 13, 2025, the Court sentenced Defendant to 24 months in custody. (Sent. Mins., ECF No. 241; *see also* J. & Commitment, ECF No. 242.)

## II. LEGAL STANDARD

After sentencing a defendant to a term of imprisonment, a court must remand the defendant to custody

> unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. § 3142(b) or (c)]; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "[A] substantial question is one that is fairly debatable or fairly doubtful. In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal quotation marks and citation omitted).

## III.   DISCUSSION

### A.   Flight Risk

Defendant fails to meet the threshold requirement of showing by clear and convincing evidence he is "not likely" to flee or pose a danger to others as required by § 3143(b)(1)(A). *See United States v. Garcia*, 340 F.3d 1013, 1021 n.6 (9th Cir. 2003) (noting defendant bears burden of satisfying threshold requirements of § 3143(b)(1)(A) by clear and convincing evidence).

Defendant fails to demonstrate by clear and convincing evidence that he does not present a flight risk. Defendant argues that he has not missed any court appearances, performed well under supervision (excluding one violation resulting in his pretrial detention), and surrendered his passport to counsel. (EPA 4.) The Government argues that he presents a flight risk because Defendant faces paying millions of dollars in restitution and is a Canadian citizen who "will be stripped of his green card and deported to Canada upon the completion of his sentence." (Opp'n 7.) Defendant responds that he has been a resident of Los Angeles since the 1960s and has every incentive to see out his appeal process in the hopes that his convictions will be reversed and he can remain in this country. (Reply 4.)

The Court notes the factual similarity of an out-of-circuit case, *United States v. Evanson*, No. 2:05-CR-805-TC, 2008 WL 4335549 (D. Utah Sept. 22, 2008). There, the defendant was convicted of nonviolent crimes involving fraud, which resulted in a multi-year custodial sentence and multimillion dollar money judgment. *Id*. at *1. Similar to this case, the defendant was a Canadian citizen and lawful permanent resident of the United States. *Id*. Also similar to this case, the defendant had been out on release pending trial and sentencing. *Id*. The Court concluded that the defendant had not met "his heavy burden of proof." *Id*.

The Court finds the similarity of circumstances compelling. While Defendant is a longtime resident of the United States, he is a Canadian citizen and has family there. He is facing an extended term of incarceration, a significant amount of restitution, and

an uncertain outcome as to his long-term immigration status. On these facts, Defendant has not shown "clear and convincing evidence" that he does not present a flight risk.

### B. Substantial Question

Even if Defendant had met the "high burden" of demonstrating he is not a flight risk, the Court finds that his appeal does not present a substantial question under § 3143(b)(1)(B). Defendant presents three issues that he urges present "substantial and legitimate questions of law that each independently warrant bond pending appeal." (EPA 5.) The parties and the Court have thoroughly ventilated the first two issues before, during, and after trial. For all the reasons captured in the Court's order on the post-trial motions, (Order Re: Post-Trial Mots. 8–13, ECF No. 238), the Court determines that Defendant's arguments relating to allegedly improper jury instructions, constructive amendment of the indictment, and expert testimony do not raise fairly debatable questions of law, *Handy*, 761 F.2d at 1283.

Defendant's final issue is that the Court incorrectly calculated the guidelines sentence because it adopted a definition of "loss" that includes the amount Defendant embezzled from the bankruptcy estate. (EPA 10–12.) The Court heard and rejected Defendant's argument at his sentencing hearing and adopted the calculation of the presentence investigation report. (*See* Rev. PSR ¶¶ 25–26, ECF No. 236.)

Defendant argues that the calculation was incorrect because, as explained by comments to the 2018 guidelines, "actual loss" should only include reasonably foreseeable pecuniary harm arising from the offense, against which must be credited the fair market value of property returned before the offense was detected. (EPA 10.) But as Defendant acknowledges in his briefing, whether the guidelines definition of "loss" includes "intended loss" in addition to "actual loss" depends on which version of the guidelines applies. (*Id*. at 10 n.5.) Defendant advocates application of guidance from a superseded version of the guidelines, but the guidelines make clear that "the court

shall use the Guidelines Manual in effect on the date that the defendant is sentenced." United States Sentencing Guidelines § 1B1.11.

In adopting the PSR's calculations, the Court found that loss amount was $12,809,192. (Rev. PSR ¶¶ 18.) Defendant argues that the correct loss amount is zero, either because the Government "failed to meet its burden to show loss greater than zero, or because credits against any loss amount (such as money returned to the estate) would reduce it to zero." (EPA 10.) The Government responds that it credited roughly $1.4 million of funds returned to the estate. (Opp'n 15.) The Government correctly notes that the remainder of value that Defendant argues he routed back into the estate concerns funds used to maintain the ACE Museum lease. (*Id*. at 15–16.) The Court at least implicitly rejected this theory before trial when it granted the Government's motion in limine "precluding Defendant from presenting a defense that he transferred property from the bankruptcy estate to a separate property," as ACE Museum was not legally part of the bankruptcy estate. (Order Re: Pretrial Mots. 12, ECF No. 153; *see id.* at 12–15; Stat. Conf. Mins., ECF No. 68.) This issue does not present a substantial question of law or fact sufficient to justify bond pending appeal under § 3143(b).

IV.    **RECOMMENDATION**

At the hearing on the motion, Defendant made an oral motion for a recommendation that the Bureau of Prisons house Defendant in a location within 500 miles of his home, consistent with Bureau of Prisons policy. (Hr'g Tr. 8–9, ECF No. 268.) The Bureau of Prisons is required to consider the sentencing court's recommendation of "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). The Court may make such nonbinding recommendations to the Bureau of Prisons at any time. *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). Based on Defendant's request and the Government's nonopposition thereto, the Court recommends that the Bureau of Prisons place Defendant in a carceral institution within

500 miles of his Southern California home.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's ex parte application for bond pending appeal. The Court GRANTS Defendant's oral motion for a recommendation that the Bureau of Prisons house Defendant in a facility within 500 miles of his home in Southern California, preferably FCI Terminal Island or Lompoc.

**IT IS SO ORDERED.**

Dated: March 21, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: USMO, BOP, USPO, Fiscal